UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ARABELLA PETROLEUM COMPANY, LLC | § § § § | Case No. 15-70098 |
| Debtor. | § | Chapter 11 |
| ETC FIELD SERVICES LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. No. 16 - _____ |
| ARABELLA PETROLEUM COMPANY, LLC, ARABELLA OPERATING COMPANY, LLC, LYNX OPERATING CO., INC., BOX SIX SEVEN FOUR, L.C., EVAN ENERGY INVESTMENTS, LC CRAIG L. MASSEY, LYNX PRODUCTION COMPANY, INC., CAVALIER WAHOO, LLP, MACFARLANE ARABELLA, LLP, AND EHI, LLC, | § § § § § § § § § § § § § | |
| Defendants. | § | |

## COMPLAINT IN INTERPLEADER

ETC Field Services LLC ("Plaintiff" or "ETC") files this Complaint in Interpleader and names Arabella Petroleum Company, LLC ("APC"), Arabella Operating LLC ("AO") and Lynx Operating Co., Inc., on behalf of itself and a number of other working interest owners, as potential claimants to the funds to be interplead (collectively, "Defendants").

### INTRODUCTION

This interpleader action arises out of multiple disputes to funds which ETC is obligated to pay pursuant to certain gas gathering and purchase agreements. ETC originally entered into the

1

agreements with APC, but APC allegedly assigned its rights under the agreements to AO. APC, through its chapter 11 trustee, filed an adversary proceeding against AO seeking to avoid the assignment of the agreements to AO as fraudulent transfers. Thus, both APC and AO may assert claims against the funds held by ETC. Additionally, Lynx Operating Co., Inc. represents several working interest owners in the wells operated by APC/AO and has asserted a direct claim to the funds, or a portion thereof, held by ETC.

ETC is currently in possession of $9,087.69 that is due under the agreements. Additional amounts will be due each month. ETC files this interpleader due to the competing claims to these funds by the Defendants.

## PARTIES

1. ETC is a Delaware limited liability company with its principal place of business at 8111 Westchester Drive, Suite 600, Dallas, Texas 75225. It may be served through undersigned counsel.

2. APC is Texas limited liability company and is the debtor in the above-referenced chapter 11 case. APC shall be served through its duly appointed chapter 11 trustee, Morris Weiss, Waller Landsden Dortch & Davis LLP, 100 Congress Ave., Suite 1800, Austin, Texas 78701.

3. AO is a Texas limited liability company with its principal place of business at 509 Pecan Street, Suite 200, Fort Worth, Texas 76102. AO shall be served at that address through its registered agent, Jason Hoisager.

4. Lynx Operating Co., Inc. is a Texas corporation with its principal place of business at 2100 Ross Ave., Suite 860, LB 52, Dallas, Texas 75201. It shall be served at that address through its registered agent, Robert S. Crane.

5496853v3

5. Box Six Seven Four, L.C. is a Virginia limited company with its principal place of business at 5002 Monument Avenue, Richmond, Virginia 23230. It shall be served at that address through its registered agent, Craig L. Massey.

6. Evan Energy Investments, LC is a Virginia limited company with its principal place of business at 5002 Monument Avenue, Richmond, Virginia 23230. It shall be served at that address through its registered agent, Andrea Glasgow.

7. Craig L. Massey is an individual and resident of Texas. He will be served at 25314 Hamden Valley Drive, Richmond, TX 77406-7260.

8. Lynx Production Company, Inc. is a Texas corporation with its principal place of business at 3355 E. Alabama Street, Suite 900, Houston, TX 77098. It shall be served through its registered agent, CT Corporation System, 1999 Bryan, Suite 900, Dallas, TX 75201-3136.

9. Cavalier Wahoo LLP is a Texas limited liability partnership with its principal place of business at 3190 Brandy Station SE, Atlanta, GA. It shall be served at that address through its general partners, Francis L. McCarty and J. Roucker McCarty.

10. Macfarlane Arabella LLP is a Texas limited liability partnership with its principal place of business at 71 5 Mile River Road, Darien, CT 06820. It shall be served at that address through its general partner and manager. John Granger Macfarlane.

11. EHI, LC is a Virginia limited company with its principal place of business at 4 North Fourth St., Massey Building, Suite 101, Richmond, VA 23219. It shall be served at that address through its registered agent, Richard F. Gorman, III.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

**FACTS**

13. On or about November 1, 2012, ETC's predecessor-in-interest, South Union Pipeline, Ltd., as purchaser, entered into that certain Gas Purchase Contract with APC, as seller. A copy of the Gas Purchase Contract, as amended, is attached hereto as **Exhibit A**.

14. On or about June 1, 2013, ETC (under a prior name, Regency Field Services, LLC), as gatherer, entered into that certain Gas Gathering Agreement with APC, as producer. A copy of the Gas Gathering Agreement, as amended, is attached hereto as **Exhibit B**. On the same date, ETC (under the prior name), as buyer, entered into that certain Natural Gas Sale and Purchase Contract with APC, as seller. A copy of the Natural Gas Sale and Purchase Contract is attached hereto as **Exhibit C** (collectively with the Gas Purchase Contract and the Gas Gathering Agreement, the "Agreements").

15. In or around December 2014, APC gave notice to ETC that it had assigned its rights under the Agreements to AO. AO was to become the new operator effective January 1, 2015. Accordingly, ETC ceased making payments to APC and began making payments due under the Agreements to AO.

16. On July 10, 2015, APC filed a voluntary petition under chapter 11 of the Bankruptcy Code.

17. Notwithstanding the purported pre-petition assignment of the Agreements to AO, APC listed the Gas Gathering Agreement as an executory contract in its Schedule G. The

4

5496853v3

Natural Gas Sale and Purchase Agreement and the Gas Purchase Contract were not separately listed in APC's schedules.

18. On August 18, 2015, the Court entered an order appointing a chapter 11 trustee in APC's bankruptcy case.

19. On December 21, 2015, Lynx Operating Co., Inc., on behalf of itself and defendants Box Six Seven Four, L.C., Evan Energy Investments, LC, Craig L. Massey, Lynx Production Company, Inc., Cavalier Wahoo, LLP, Macfarlane Arabella, LLP, and EHI, LC (collectively, the "Lynx Group"), sent a letter to ETC on behalf of itself and a number of working interest owners in wells operated by APC/AO. A copy of this letter and the letters authorization Lynx Operating Co., Inc. to act on behalf of the other members of the Lynx Group are attached hereto as **Exhibit D**. The Lynx Group demanded that ETC suspend its payments for production attributable to wells operated by APC/AO due to APC/AO's failure to make distribution of production proceeds to the Lynx Group as working interest owners.

20. On February 29, 2016, the chapter 11 trustee for APC filed suit against AO, among others. *See* Adv. No. 16-07002. AO has not answered the Trustee's complaint.

21. APC alleges that AO was formed for the purpose of assuming the role of operator from APC under several joint operating agreements. *See* Adv. No. 16-07002, Doc. No. 1 at ¶28. The transition from APC to AO was allegedly part of a larger scheme carried out by Jason Hoisager to defraud APC's creditors by transferring its assets to AO and other affiliates. The trustee further alleges that AO became the operator in place of APC to ensure that APC "had no leverage or control over the disposition of [APC's assets] or over the various streams of funds with respect to [APC's assets]."

5

22. As part of this alleged fraudulent transfer, APC's rights and obligations under the Agreements were assigned to AO. The APC trustee seeks to avoid all such transfers as actual and constructive fraudulent transfers.

23. ETC has withheld payments due under the Agreements for the month of March 2016. The total amount in ETC's possession which is currently due to be paid under the Agreements is $9,087.69. Copy of the settlement statements for March 2016 are attached hereto as **Exhibit E**. ETC will be liable to make additional payments under the Agreements in the future in amounts to be determined (collectively with the $9,087.69, the "Funds")

## REQUEST TO INTERPLEAD FUNDS

24. This action is brought pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure as applicable in this adversary proceeding pursuant to Rules 7022 and 7067 of the Federal Rules of Bankruptcy Procedure. Rule 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though the claims of the several claimants, or the title on which their claims depend, lack a common origin or are adverse and independent rather than identical."

25. AO has made a claim to the Funds on the basis that it is the current operator of the wells that are subject to the Agreements. APC asserts that the transfers to AO were avoidable fraudulent transfers. If APC is successful in avoiding transfers to AO, APC would make a claim to the Funds. The Lynx Group has already made a claim to a portion of the Funds. AO has denied that the Lynx Group is entitled to any portion of the Funds.

26. By reason of the actual and potential claims of the Defendants, ETC is in doubt as to which Defendant is entitled to the Funds or a portion thereof. Accordingly, ETC has satisfied

6

5496853v3

the requirements of Rule 22 because it may be exposed to multiple liabilities if it were to transfer any of the Funds. Moreover, ETC has no stake in the Funds or in the outcome of the disputes between APC and AO and between APC/AO and the Lynx Group.

27. Finally, ETC requests an award of its attorney's fees and costs associated with prosecution of this interpleader action. The Court "has the authority to award reasonable attorney's fees in interpleader actions. The award of attorney's fees is in the discretion" of the Court. *Rhoades v. Casey*, 196 F.3d 592, 503 (5th Cir. 1999) (citing *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 364 (5th Cir. 1984). An award of fees is appropriate where "the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Id.* (citing *Phillips Petroleum Company v. Hazlewood*, 534 F.2d 61, 63 (5th Cir. 1976). ETC is a truly disinterested stakeholder and has no dispute with any of the Defendants other than the possibility of multiple claims described in this complaint. Accordingly, the Court should award ETC its fees and costs to be paid out of the interpleaded funds.

WHEREFORE, ETC requests this Court (i) allow ETC to deposit the Funds with the Clerk of Court pursuant to Rule 67 of the Federal Rules of Civil Procedure, (ii) require the Defendants to file in this action their respective claims to the Funds or to such portion as each may claim, (iii) award ETC its attorney's fees and costs associated with prosecution of this action, (iv) discharge ETC of any and all liability to the Defendants for payment of the Funds, and (v) grant ETC all other and further relief to which it may be entitled.

5496853v3

**Dated: April 25, 2016**

                    **Porter Hedges LLP**

By: /s/ John F. Higgins
John F. Higgins
State Bar No. 09597500
Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6695
(713) 226-6295 (fax)

**Counsel for ETC Field Services, LLC**

8

5496853v3