UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ARABELLA PETROLEUM COMPANY, LLC | § § § | CASE NO. 15-70098-rbk<br>Chapter 11 |
| Debtor. | § § | |

---

| | | |
|---|---|---|
| ETC FIELD SERVICES LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | ADV. NO. 16-07005 |
| ARABELLA PETROLEUM COMPANY, LLC, ARABELLA OPERATING COMPANY, LLC, LYNX OPERATING CO., INC., BOX SIX SEVEN FOUR, LC, EVAN ENERGY INVESTMENTS, LC, CRAIG L. MASSEY, LYNX PRODUCTION COMPANY, INC., CAVALIER WAHOO, LLP, MACFARLANE ARABELLA, LLP, AND EHI, LLC, | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' LYNX OPERATING CO., INC., BOX SIX SEVEN FOUR, LC, EVAN ENERGY INVESTMENTS, LC, CRAIG L. MASSEY, LYNX PRODUCTION COMPANY, INC., CAVALIER WAHOO, LLP, MACFARLANE ARABELLA, LLP, AND EHI, LLC, STATEMENT REGARDING CONSENT**

TO THE HONORABLE RONALD B. KING, U.S. BANKRUPTCY JUDGE:

In compliance with the Court Order of May 26, 2016, the undersigned parties do not

consent to the entry of the Order and Final Judgment by this Court in this adversary

proceeding. The Bankruptcy Court has no jurisdiction in this matter. Further, the Trustee has taken the position that he does not want to be involved in this case nor lay claim on any of the money to be interplead into the case.

There is currently a pending State Court suit as attached to the undersign's Motion to Dismiss. As a matter of fact, other purchasers such as ETC Field Services LLC have filed petitions to interplead money in that State Court. A copy of Oxy's Interpleader is attached as Exhibit A.

Since there is no jurisdiction in this matter, the undersigned will not consent to the same and indeed encourages the Court to grant the Motion to Dismiss that is currently on file requesting that ETC Field Services LLC interplead the money not in this action but in the pending action in the State Court.

Respectfully submitted,

LYNCH, CHAPPELL & ALSUP, P.C.
300 North Marienfeld, Suite 700
Midland, Texas 79701
(432) 683-3351
Fax (432) 683-2587

BY:    *Randall L. Rouse*
          Randall L. Rouse
          rrouse@lcalawfirm.com
          State Bar No. 17324300

**ATTORNEYS FOR DEFENDANTS, LYNX OPERATING CO., INC., BOX SIX SEVEN FOUR, LC, EVAN ENERGY INVESTMENTS, LC, CRAIG L. MASSEY, LYNX PRODUCTION COMPANY, INC., CAVALIER WAHOO, LLP, MACFARLANE ARABELLA, LLP AND EHI, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of June, 2016, a true and correct copy of the above and foregoing was served upon all parties via the Court's electronic case filing system (ECF) and by regular, first class mail to:

*Debtor:*
Arabella Petroleum Company, LLC
509 Pecan Street, Suite 200
Fort Worth, TX 76102

*Debtor's Attorney:*
Bernard R. Given, II
*LOEB & LOEB*
10100 Santa Monica Blvd, Suite 2200
Los Angeles, CA 90067

Eric J. Taube
*TAUBE SUMMERS*
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

*Trustee:*
Morris D. Weiss
*TAUBE SUMMERS TAYLOR*
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

Christopher G. Bradley
*TAUBE SUMMERS HARRISON*
100 Congress Ave., Suite 1800
Austin, TX 78701-4042

_____*Randall L. Rouse*_____
Randall L. Rouse

EXHIBIT A

CAUSE NO.: 16-04-21486

| | | |
|---|---|---|
| LYNX PRODUCTION COMPANY, INC. and THE WORKING INTEREST OWNERS LISTED ON EXHIBIT A | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs | §<br>§ | |
| v. | §<br>§ | OF REEVES COUNTY, TEXAS |
| ARABELLA OPERATING, LLC | §<br>§<br>§ | |
| Defendant | § | 143rd JUDICIAL DISTRICT |

## PETITION IN INTERPLEADER

TO THE HONORABLE JUDGE OF SAID COURT:

Occidental Energy Marketing, Inc. ("OEMI") files this, its Petition in Interpleader against Plaintiffs Lynx Production Company, Inc, and the Working Interest Owners Listed on Exhibit A (collectively "Plaintiffs") and Defendant Arabella Operating, LLC ("Arabella Operating" or "Defendant"), and in support of its claim for interpleader respectfully shows:

## I.  PARTIES

### *Interpleader*

1.     OEMI, Interpleader herein, is a Delaware corporation authorized to conduct business in the State of Texas.

### *Plaintiffs:*

2.     Lynx Production Company, Inc. has appeared in this matter and no service of process is needed.

3.     The Working Interest Owners Listed on Exhibit A to Plaintiffs' Original Petition have appeared in this matter and no service of process is needed.

*Defendant:*

4.     Arabella Operating, LLC has appeared in this matter and no service of process is needed.

## II.     JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter because it is a matter seeking equitable relief regarding competing interests to funds in excess of the minimum jurisdictional limits of the Court and concerns a matter at issue and presently pending before this Court.

## III.     FACTS

6.     On or about June 5, 2014, OEMI, as purchaser, entered into a Crude Oil/Crude Oil Products Contract, OEMI Contract No. 1405-ARA-364399-P (the "Original Contract"), with Arabella Petroleum Company, LLC ("Arabella Petroleum"), as seller, to purchase crude oil produced from the Emily Bell 1H Lease located in Reeves County, Texas.   A true and correct copy of the Original Contract is attached as Exhibit A.

7.     On or about July 15, 2015, Arabella Petroleum first notified OEMI that Arabella Petroleum would be changing the operator of the Emily Bell 1H Lease from Arabella Petroleum. Subsequently, on or about August 3, 2015, OEMI received a notice from Arabella Petroleum dated June 17, 2015, stating that "as of June 1, 2015 Arabella Operating, LLC assumed the operation of the Emily Bell 1H well." Simultaneously, OEMI received a notice from Arabella Operating stating that "Arabella Operating, LLC has assumed operations of the Emily Bell 1H from Arabella Petroleum, LLC." This second notice also stated that "[a]ll June production should be made payable to Arabella Operating, LLC." True and correct copies of both notices (the "Arabella Notices") are attached as Exhibit B.

8.      In reliance on the Arabella Notices, OEMI proceeded to replace the Original Contract with a new Crude Oil/Crude Oil Products Contract, OEMI Contract No. 1506-ARA-398873-P (the "Replacement Contract"), with Arabella Operating as seller, to purchase crude oil produced from the Emily Bell 1H Lease.   A true and correct copy of the Replacement Contract is attached as Exhibit C.

9.      As requested in the Arabella Notices, the effective date for the Replacement Contract was June 1, 2015.   Accordingly, effective with June 2015 production, OEMI ceased making payments for crude oil produced from the Emily Bell 1H Lease to Arabella Petroleum under the Original Contract and began making such payments to Arabella Operating under the Replacement Contract.

10.      Plaintiffs are working interest owners on the Emily Bell 1H Lease.   On or about December 21, 2015, Plaintiffs sent a letter addressed to "Oxy Energy Transport, LLC", asking that "Oxy Energy Transport, LLC" suspend the payments of production proceeds attributable to the interests of the Lynx Group in certain wells operated by Arabella Petroleum and/or Arabella Operating.   After further investigation, OEMI understood the Plaintiffs' letter to refer to payments by OEMI for crude oil produced from the Emily Bell 1H Lease under the Replacement Contract. A true and correct copy of this letter is attached as Exhibit D.

11.      Plaintiffs then filed this suit for declaratory judgment and breach of contract, in which Plaintiffs seek to void the transfer from Arabella Petroleum to Arabella Operating. Plaintiffs claim that the alleged transfer occurred without the approval required by the joint operating agreement between the parties and without consideration.

12.      Arabella Operating has answered and generally denied these claims.

13.     As a result of this dispute and lawsuit, OEMI has withheld payments due under the Replacement Contract, effective with April 2016 production, pursuant to its right to do so under Texas Natural Resources Code Section 91.402(b).   OEMI is currently in possession of $144,868.93 that is due under the Replacement Contract.   A true and correct copy of the settlement statement for April 2016 and May 2016 is attached hereto as Exhibit E.   OEMI will be liable to make additional payments under the Replacement Contract in the future in amounts to be determined (collectively, along with the money currently withheld, the "Funds").

IV.     **REQUEST TO INTERPLEAD FUNDS**

14.     This action is brought pursuant to Texas Rule of Civil Procedure 43.

15.     Defendant has made a claim to the Funds on the basis that it is the current operator of the well(s) that are subject to the Replacement Contract.   Plaintiffs have made a claim to the Funds on the basis that Defendant has not paid production proceeds to them as working interest owners and that the conveyance from Arabella Petroleum to Arabella Operating should be voided as a breach of contract.   Defendant has denied that Plaintiffs are entitled to any portion of the Funds.

16.     By reason of this dispute, OEMI is in doubt as to which party is entitled to the Funds or a portion thereof.   OEMI would be exposed to multiple liabilities if it were to transfer any of the Funds.   Moreover, OEMI neither has, nor claims, any interest in the Funds or in the outcome of the disputes between Plaintiffs and Defendant.   OEMI is a disinterested and innocent third party, who at all times has been willing to pay the proper party.

17.     OEMI unconditionally tenders and is ready to deposit into the registry of the Court the Funds.   OEMI will continue to make such deposits into the Court's registry as long as additional payments are due under the Replacement Contract.

---

18.     Because OEMI is a disinterested stakeholder, with no interest of its own in the disputed Funds, it is entitled to recover reasonable attorneys' fees and costs associated with these proceedings, to be paid out of the interpleaded funds.

19.     All conditions precedent to this Petition in Interpleader have been performed or have occurred.

WHEREFORE, PREMISES CONSIDERED, Occidental Energy Marketing, Inc. requests the following relief:

That the Court conduct an evidentiary hearing and determine that:

    a.     Rival claims to the Funds have been asserted by Plaintiffs and Defendant;

    b.     Reasonable doubt exists concerning who is entitled to the Funds;

    c.     OEMI may be exposed to multiple liability absent Interpleader;

    d.     OEMI is an innocent party;

    e.     OEMI is not claiming an interest in the Funds;

    f.     OEMI has tendered and stands ready to deposit into the registry of the Court the Funds as well as all future payments due under the Replacement Contract; and

    g.     OEMI has instituted this Interpleader in good faith.

That the Court enter its Order following such evidentiary hearing as follows:

    a.     Confirming the facts listed above;

    b.     Directing OEMI to deposit the Funds into the registry of the Court;

    c.     Directing OEMI to continue to make deposits into the registry of the Court pertaining to future payments due under the Replacement Contract;

    d.     Ordering that OEMI is discharged from this lawsuit without any liability upon its deposit of the Funds into the Court (other than its continuing obligation to make deposits on future payments due under the Contract);

e.  Ordering that OEMI recover all existing and future reasonable and
necessary attorneys' fees and costs associated with these proceedings out of
the funds to be deposited into the Court's registry and further ordering the
Clerk to make payment of the same directly to OEMI; and

f.  Entering such additional orders awarding OEMI that relief, whether in law
or equity, to which it may be entitled.

Respectfully submitted,

**DAVIS, GERALD & CREMER**
**A Professional Corporation**
400 W. Illinois, Ste. 1400
Midland, Texas 79701
(432) 687-0011
Fax: (432) 687-1735

By:  _____ */s/ Julie L. Griffis* _____
John A. "Jad" Davis
State Bar No. 05511400
jadavis@dgclaw.com

Julie L. Griffis
State Bar No. 24070032
jlgriffis@dgclaw.com

**ATTORNEYS FOR INTERVENOR**
**OCCIDENTAL ENERGY MARKETING, INC.**

## CERTIFICATE OF SERVICE

I certify that on this 10th day of June 2016, a true and correct copy of the foregoing was
delivered as follows:

<table>
<tr><td>

**VIA EMAIL**
Randall L. Rouse
LYNCH CHAPPELL & ALSUP
300 N. Marienfeld, Ste. 700
Midland, TX 79701
rrouse@lcalawfirm.com

</td><td>

**VIA EMAIL**
Clay M. Taylor
Clark H. Rucker
KELLY HART & HALLMAN, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
clay.taylor@kellyhart.com
clark.rucker@kellyhart.com

</td></tr>
</table>

_____ */s/ Julie L. Griffis* _____
Julie L. Griffis